**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DANSKAMMER HOLDCO LLC, *et al.*[1] | Case No. 26-10950 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  July 22, 2026 at 1:00 p.m. (ET)** |
| | **Objection Deadline:  July 15, 2026 at 4:00 p.m. (ET)** |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF SSG ADVISORS, LLC AS INVESTMENT**
**BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION**
**DATE AND A WAIVER OF COMPLIANCE WITH CERTAIN**
**OF THE REQUIREMENTS OF LOCAL RULE 2016-1**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit the

*Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of*

*SSG Advisors, LLC as Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date and*

*a Waiver of Compliance with Certain of the Requirements of Local Rule 2016-1* (the

"Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**,

authorizing the Debtors to retain and employ SSG Advisors, LLC ("SSG") as investment banker

to the Debtors *nunc pro tunc* to the Petition Date.  Attached hereto as **Exhibit B** is the *Declaration*

*of Teresa C. Kohl in Support of the Application of the Debtors for Entry of an Order Authorizing*

*the Employment and Retention of SSG Advisors, LLC as Investment Banker to the Debtors Nunc*

*Pro Tunc to the Petition Date and a Waiver of Compliance with Certain of the Requirements of*

*Local Rule 2016-1* (the "Kohl Declaration") submitted in support of this Application.  In further

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Danskammer HoldCo LLC (6789), Danskammer Intermediate Holdings LLC (3429), Danskammer Holdings LLC (4480), and Danskammer Energy, LLC (6403). The Debtors' corporate headquarters and the mailing address is 590 Madison Avenue, 41st Floor, New York, NY 10022.

support of the Application, the Debtors rely on the *Declaration of Thomas M. Gray in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 12-1] (the "First Day Declaration"),[2] and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  Venue of these proceedings and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.      The statutory and legal predicates for the relief sought herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3.      On June 10, 2026 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration or the Engagement Agreement (as defined herein), as appropriate.

[3]     Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The Debtors continue to operate their business and manage their property as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.  As of the date of this Application, no trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

5.      Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and capital structure is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

6.      By this Application, the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 (i) authorizing the employment and retention of SSG as investment banker to the Debtors *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions contained in that certain engagement letter among the Debtors and SSG, dated June 10, 2026 (the "Engagement Agreement") under which SSG will be retained and compensated at the expense of the Debtors' estates; and (iii) granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-1, to the extent requested in this Application.  A copy of the Engagement Agreement is attached hereto as **Exhibit C**.

## SSG'S QUALIFICATIONS

7.      The Debtors chose SSG to act as their investment banker because of SSG's diverse experience and extensive knowledge in the restructuring of troubled companies and completion of challenging financial transactions.  SSG is a leading investment banking services firm that provides a broad range of corporate advisory services to its clients, including providing strategic and financial advice on mergers, acquisitions, sales, divestitures, capital raising, corporate

restructurings, and related services.  SSG's professionals have served as investment bankers and financial advisors to debtors and creditors in numerous chapter 11 cases including, but not limited to, cases filed before this Court: *See, e.g.*, *In re Tonopah Solar Energy, LLC*, Case No. 26-10060 (JKS) (Bankr. D. Del. Feb. 13, 2026) [D.I. 115]; *In re American Signature, Inc., et al.*, Case No. 25-12105 (JKS) (Bankr. D. Del Jan. 6, 2026) [D.I. 317]; *In re Navidea Biopharmaceuticals, Inc.*, Case No. 25-11779 (JKS) (Bankr. D. Del. Dec. 10, 2025) [D.I. 163]; *In re US Magnesium LLC*, Case No. 25-11696 (BLS) (Bankr. D. Del. Oct. 7, 2025) [D.I. 163]; *In re F21 OPCO, LLC, et al.*, Case No. 25-10469 (MFW) (Bankr. D. Del. Apr. 11, 2025) [D.I. 188]; *In re Brightmark Plastics Renewal LLC., et al.*, Case No. 25-10472 (LSS) (Bankr. D. Del. Apr. 10, 2025) [D.I. 121]; *In re Ideanomics Inc., et al.*, Case No. 24-12728 (CTG) (Bankr. D. Del. Jan. 8, 2025) [D.I. 123]; *In re Fluid Market Inc. d/b/a Fluid Truck, et al.*, Case No. 24-12363 (CTG) (Bankr. D. Del. Nov. 14, 2024) [D.I. 116]; *In re BIOLASE, Inc., et al.*, Case No. 24-12245 (KBO) (Bankr. D. Del. Oct. 25, 2024) [D.I. 152]; *In re ICON Aircraft, Inc., et al.*, Case No. 24-10703 (CTG) (Bankr. D. Del. May 6, 2024) [Docket 148]; *In re Burgess BioPower, LLC, et al.*, Case No. 24-10235 (LSS) (Bankr. D. Del. Apr. 10, 2024) [D.I. 304]; *In re InVivo Therapeutics Corp., et al.*, Case No. 24-10137 (MFW) (Bankr. D. Del. Feb. 22, 2024) [D.I. 87]; *In re Infinity Pharmaceuticals, Inc., et al.*, Case No. 23-11640 (BLS) (Bankr. D. Del. Oct. 23, 2023) [D.I. No. 66].  As a result, the Debtors believe that SSG is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

### SSG'S DISINTERESTEDNESS

8.     To the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Kohl Declaration:  (a) SSG is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a), and holds

4

no interest materially adverse to the Debtors, their creditors and shareholders for the matters for which SSG is to be employed; and (b) SSG has no connection to the Debtors, their creditors, shareholders, or related parties herein except as disclosed in the Kohl Declaration.  Moreover, the retention and employment of SSG is necessary and in the best interests of the Debtors, their estates, creditors, and stakeholders.

9.      Furthermore, to the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Kohl Declaration, none of SSG's past or current engagements would or do appear to create an interest materially adverse to the interests of the Debtors, creditors or equity security holders in these Chapter 11 Cases.  As such, the Debtors believe that SSG is disinterested and holds no materially adverse interest as to the matters upon which it is to be retained.  To the extent that SSG discovers any facts bearing on the matters described herein during the period of SSG's retention, it will supplement the information contained in the Kohl Declaration.

## SCOPE OF SSG'S SERVICES

10.      The parties have entered into the Engagement Agreement, which governs the relationship between SSG and the Debtors.  The terms and conditions of the Engagement Agreement were negotiated at arm's length and reflect the parties' mutual agreement as to the substantial efforts and resources that will be required in this engagement.  Under the Engagement Agreement, the Debtors have requested that SSG serve as investment banker during these Chapter 11 Cases to perform a broad range of services (the "Services") on behalf of the Debtors.  These Services include the following:

(a)      Advising on and assisting the Debtors in the preparation of an information memorandum describing the Debtors, their operations, management, and financial status for use in discussions with prospective purchasers and assisting in the due diligence process for a potential sale transaction;

(b)     Assisting the Debtors in compiling a data room of any necessary and appropriate documents related to the sale;

(c)     Assisting the Debtors in developing a list of suitable potential buyers who will be contacted on a discreet and confidential basis after written approval by the Debtors;

(d)     Coordinating the execution of confidentiality agreements for such potential buyers wishing to review the information memorandum and/or data room;

(e)     Assisting the Debtors in coordinating site visits for interested buyers and working with the management team to develop appropriate presentations for such visits;

(f)     Soliciting competitive offers from potential buyers;

(g)     Advising and assisting the Debtors in structuring the sale transaction and negotiating the sale agreements;

(h)     To the extent necessary or advisable, providing testimony and declarations regarding the sale in connection with these Chapter 11 Cases; and

(i)     Otherwise assisting the Debtors and their other professionals, as necessary or as reasonably requested by the Debtors, through closing on a best efforts basis.

11.     It is necessary that the Debtors employ SSG to render the foregoing Services. The Debtors believe that the Services will not duplicate the services that other professionals will be providing to the Debtors in these Chapter 11 Cases. Specifically, SSG will carry out a unique function and will use reasonable efforts to coordinate with the Debtors and other professionals retained in these Chapter 11 Cases to avoid unnecessary duplication of services.

## COMPENSATION

12.     Prior to the commencement of these Chapter 11 Cases, the Debtors paid SSG an initial fee (the "Initial Fee") of $75,000. No amounts are outstanding under the Engagement Agreement.

13.     As set forth with greater specificity in the Engagement Agreement, subject to the Court's approval, the Debtors and SSG have agreed to the following terms of compensation:

6

| Monthly Fees: | Monthly fees of $50,000 (the "Monthly Fees") per month, payable on the fifteenth (15th) of each month beginning July 15, 2026. |
|---|---|
| Transaction Fee: | Upon the consummation of a sale transaction to any party, SSG shall be entitled to a fee (the "Transaction Fee"), payable in cash, in federal funds via wire transfer or certified check, at and as a condition of closing of such sale transaction and as a direct carveout from proceeds and cash, prior in right to any secured debt, equal to the greater of (i) $500,000; or (ii) three percent (3.0%) of Total Consideration, as that term is defined in the Engagement Agreement. |
| | In the event of a sale(s) of individual assets, SSG shall be entitled to ten percent (10.0%) of the sale price of each asset sale transaction with no minimum fee. |

14.     In addition to the fees described in the Engagement Agreement, the Debtors shall, upon SSG's request and in accordance with any interim compensation orders entered by the Court, and the relevant sections of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, reimburse SSG for its reasonable and documented out of-pocket expenses incurred in connection with the subject matter of the Engagement Agreement.

15.     As set forth in the Kohl Declaration, the compensation structure described in the Engagement Agreement is reasonable and SSG believes it is comparable to those generally charged by investment banking firms of similar stature to SSG for comparable engagements, both in and out of court.

16.     The hours worked, the results achieved, and the ultimate benefit to the Debtors of the work performed by SSG in connection with this engagement may vary and the Debtors and SSG have taken this into account in setting the above fees and expenses.  In order to induce SSG to do business with the Debtors in bankruptcy, the fees were set considering the complexity of the engagement and the potential execution risk for a transaction.

17.    In addition, given the various issues that SSG may be required to address in performance of the Services listed in this Application, SSG's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for SSG's services for engagements of this nature in an out-of-court context, the Debtors believe that the fee arrangements set forth in the Engagement Agreement are reasonable under the standards set forth in Bankruptcy Code section 328(a).

## INDEMNIFICATION

18.    As set forth more fully in, and under the terms set forth of, the Engagement Agreement, and as modified by the terms set forth in the Proposed Order, the Debtors acknowledge and agree to indemnify SSG.  The Debtors will not be responsible for indemnifying SSG for any liability to the extent such liability is found in a final, non-appealable judgment by a court of competent jurisdiction to have resulted directly from SSG's bad faith, gross negligence, or willful misconduct in the performance of its duties under the Engagement Agreement.

## BASIS FOR RELIEF

19.    Under Bankruptcy Code section 327, a debtor-in-possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code.  *See* 11 U.S.C. § 327(a).

20.    Bankruptcy Code section 328 further provides, in pertinent part, that under Bankruptcy Code section 327, a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

21.      Bankruptcy Rule 2014(a) sets forth the requirements for retention applications and provides that such applications must include:

> [S]pecific facts showing the necessity for the employment, the name of the [company] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [company's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

22.      By this Application, the Debtors request that the Court approve the employment and compensation arrangements described in the Engagement Agreement pursuant to Bankruptcy Code section 328(a).  Indeed, the employment arrangements contained in the Engagement Agreement are beneficial to the Debtors' estates and the compensation arrangements provide certainty and proper inducement for SSG to act expeditiously and prudently with respect to the matters for which it will be employed.

23.      The Debtors further request approval of the employment of SSG *nunc pro tunc* to the Petition Date.  Such relief is warranted by the circumstances presented by these Chapter 11 Cases.  The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).  The complexity and speed that have characterized these Chapter 11 Cases have necessitated that the Debtors, SSG and the Debtors' other professionals focus their immediate attention on time-sensitive matters and promptly devote substantial resources to the affairs of the Debtors pending submission and approval of this Application.

24.     Furthermore, retention under Bankruptcy Code section 328(a) is appropriate in these Chapter 11 Cases.  Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Bankruptcy Code section 328(a) reflects a significant departure from prior bankruptcy practice related to the compensation of professionals, as it permits the compensation of professionals, including investment bankers, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit recognized in *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (citations omitted):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present Section 330 of the Bankruptcy Code, which provides that the court award to professional consultants the reasonable compensation based on relevant factors of time and comparable costs, etc.  Under present Section 328, the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or creditors' committee).

25.     Bankruptcy Code section 328(a) provides courts with inherent flexibility to approve alternative fee structures to the customary hourly rate.  The fee structure for this engagement is similar to the fee arrangement approved by bankruptcy courts throughout the United States under Bankruptcy Code section 328(a), and the Debtors respectfully request that this Court enter an order approving it.

## WAIVER OF COMPLIANCE WITH TIMEKEEPING REQUIREMENTS

26.     Consistent with its ordinary practice and the practice of investment bankers in other chapter 11 cases whose fee arrangements are typically not hours-based, SSG does not ordinarily

maintain contemporaneous time records in one-tenth hour increments or provide or conform to a schedule of hourly rates for its professionals. SSG will maintain records in support of any actual, necessary costs and expenses incurred in connection with its services in this chapter 11 case. As SSG's compensation will be calculated and paid based on a fixed monthly fee and a transaction fee, which is tied to the consummation and closing of a transaction as contemplated by the Engagement Agreement, SSG requests that it not be required to file time records in accordance with Local Rule 2016-1(d) and the United States Trustee fee guidelines. Instead, notwithstanding that SSG does not charge for its services on an hourly basis, SSG will nonetheless maintain records in half hour (0.50) increments (in summary format) of its Services rendered for the Debtors, including descriptions of those Services, the time expended in providing those Services and the individuals who provided those Services, and will present such records together with its final and sole fee application filed with the Court.

## NOTICE AND NO PRIOR REQUEST

27.     Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the twenty (20) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (c) the Internal Revenue Service; (d) the United States Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (e) the Federal Energy Regulatory Commission; (f) the Office of the United States Attorney for the District of Delaware; (g) the state attorneys general for all states in which the Debtors conduct business; and (h) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of relief requested in this Application, the Debtors respectfully submit that no further notice is necessary.

28.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order: (i) authorizing the Debtors to retain and employ SSG as investment banker to the Debtors *nunc pro tunc* to the Petition Date; (ii) approving the terms and conditions contained in the Engagement Agreement; (iii) granting a waiver of compliance with certain of the requirements of Local Rule 2016-1, and (iv) granting such other relief as is just and proper.

Dated: July 1, 2026
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: brown@lrclaw.com
        pierce@lrclaw.com
        dute@lrclaw.com
        venkateswaran@lrclaw.com

*Proposed Counsel for the Debtors
and Debtors-In-Possession*