**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DANSKAMMER HOLDCO LLC, *et al.*[1] | Case No. 26-10950 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref. No. ____ |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**SSG ADVISORS, LLC AS INVESTMENT BANKER TO THE DEBTORS *NUNC PRO***
***TUNC* TO THE PETITION DATE AND A WAIVER OF COMPLIANCE WITH**
**CERTAIN OF THE REQUIREMENTS OF LOCAL RULE 2016-1**

Upon the *Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of SSG Advisors, LLC as Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date and a Waiver of Compliance with Certain of the Requirements of Local Rule 2016-1* (the "Application");[2] and upon the *Declaration of Teresa C. Kohl in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of SSG Advisors, LLC as Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date and a Waiver of Compliance with Certain of the Requirements of Local Rule 2016-2* (the "Kohl Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Danskammer HoldCo LLC (6789), Danskammer Intermediate Holdings LLC (3429), Danskammer Holdings LLC (4480), and Danskammer Energy, LLC (6403). The Debtors' corporate headquarters and the mailing address is 590 Madison Avenue, 41st Floor, New York, NY 10022.

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

of this proceeding and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representation in the Kohl Declaration, that SSG Advisors, LLC ("SSG") does not hold or represent any interest adverse to the Debtors' estates and that it is a "disinterested person" as contemplated under Bankruptcy Code sections 327 and 328; and it appearing that sufficient notice of the Application has been given; and it appearing that the relief requested by the Application is in the best interests of the Debtors' estates; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to Bankruptcy Code sections 327(a) and 328(a), to engage, effective as of the Petition Date, upon the terms and for the purposes set forth in the Application and in that certain engagement letter attached to the Application as <u>Exhibit C</u> (the "<u>Engagement Agreement</u>") as modified herein, SSG as investment banker for the Debtors in the Chapter 11 Cases.

3.      SSG will submit monthly fee invoices to the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") describing in narrative fashion the work performed during the monthly period by each professional working on the engagement.  For the avoidance of doubt, SSG shall be entitled to the payment of its Monthly Fee on the fifteenth (15th) of the month as provided by the Engagement Agreement while submitting the monthly fee invoice as described herein, without the need for monthly or interim applications for compensation.

4.      With respect to payment by the Debtors' estates of any Transaction Fee and expense reimbursements, SSG shall file a final fee application for final allowance of compensation for services and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code

sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court. SSG's compensation shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330; *provided*, *however*, that the U.S. Trustee shall retain rights to object to SSG's request for final compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code section 330.

5. Notwithstanding anything to the contrary in this Order, the Application, the Engagement Agreement or the Kohl Declaration, SSG shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-1, including all information and time keeping requirements of Local Rule 2016-1(d), except that SSG shall be permitted to keep professional time records in half-hour (0.50) increments, shall not be required to keep time records on a project category basis and shall not be required to conform to any schedule of hourly rates for its professionals. SSG shall maintain records of services rendered for the Debtors, including summary descriptions of those services, the time expended in providing those services, and the identity of the individuals who provided those services. SSG shall include such records in its final fee application. SSG must submit monthly fee invoices to the U.S. Trustee and any official committee of unsecured creditors (the "Committee"), describing in narrative fashion the work performed during the monthly period by each professional working on the engagement. SSG must submit the monthly fee invoices to the U.S. Trustee and any Committee by the twentieth (20th) day of each calendar month.

6. To the extent that SSG uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, SSG shall (i) pass through the cost of such Contractors at the same rate that SSG pays the Contractors; (ii) seek

3

reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for SSG; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. In the event that, during the pendency of this case, SSG seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records for such attorneys shall be included in SSG's fee applications and such invoices and time records shall be in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1(f).

8. The Indemnification Provisions of the Engagement Agreement are approved, subject during the pendency of these Chapter 11 Cases to the following:

a) SSG shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

b) The Debtors shall have no obligation to indemnify SSG, or provide contribution or reimbursement to SSG, for any claim or expense to the extent that it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from SSG's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of SSG's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable case law; or (iii) settled prior to such a judicial determination as to exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to (c) below to be a claim or expense for which SSG should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, SSG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Application), including without limitation the advancement of defense costs, SSG must file an application therefore in this Court, and the Debtors may not pay any such amounts to SSG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended

4

only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by SSG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify SSG. All parties in interest shall retain the right to object to any demand by SSG for indemnification, contribution or reimbursement.

9.      Any limitation of liability provisions in the Engagement Agreement shall have no effect during these Chapter 11 Cases.

10.     SSG shall not unilaterally terminate its engagement under the Engagement Agreement absent prior approval of the Court.

11.     SSG shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, and any other applicable orders of this Court.

12.     In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the Order shall govern.

13.     The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.