**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DANSKAMMER HOLDCO LLC, *et al.*[1] | Case No. 26-10950 (KBO) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

**GLOBAL NOTES AND DISCLAIMERS**

These Global Notes and Disclaimers (the "Global Notes") regarding the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with Schedules, the "Schedules and Statements") for Danskammer HoldCo LLC and its three (3) affiliates set forth in footnote one herein (each a "Debtor" and collectively, the "Debtors") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.     ***Description of Cases***. On June 10, 2026 (the "Petition Date"), the Debtors filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11, United States Code 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") under case numbers 26-10950 (KBO), 26-10952 (KBO), 26-10953 (KBO), and 26-10954 (KBO) (collectively, the "Chapter 11 Cases"), and orders for relief were entered by the Bankruptcy Court.  The Chapter 11 Cases have been consolidated for the purpose of joint administration only under case number 26-10950 (KBO). The Debtors currently are operating their business as debtors-in-possession under the Bankruptcy Code.

On June 17, 2026, the Debtors filed the *Declaration of Thomas M. Gray in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 12-1] (the "First Day Declaration"), which provides information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and capital structure.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Danskammer HoldCo LLC (6789), Danskammer Intermediate Holdings LLC (3429), Danskammer Holdings LLC (4480), and Danskammer Energy, LLC (6403). The Debtors' corporate headquarters and the mailing address is 590 Madison Avenue, 41st Floor, New York, NY 10022.

[2]  Except where otherwise indicated, capitalized terms used but not defined in these Global Notes have the meanings ascribed to them in the First Day Declaration.

2.   ***General Reservation of Rights***.  The Schedules and Statements have been prepared by the Debtors' management and are unaudited.  While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes to the financial data contained in the Schedules and Statements, and inadvertent errors or omissions may exist.  To the extent the Debtors discover a material error or omission, or become aware of additional information that may suggest a material difference, the Debtors will amend the applicable Schedules or Statements to reflect such changes.  Accordingly, the Debtors do not make any representations or warranties as to the completeness or accuracy of the information set forth herein and reserve all rights to amend the Schedules or Statements as may be necessary or appropriate.

Exclusion of any asset should not be construed as an admission that such property rights have been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

3.   ***Basis of Presentation***. Given the differences between the information requested in the Schedules and Statements and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with any consolidated financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Schedules and Statements have been signed by Thomas M. Gray, the Debtors' President and Chief Financial Officer.  Mr. Gray is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Gray has relied upon the efforts, statements and representations of various personnel of the Debtors and their professionals. Mr. Gray has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

Where the Schedules require revenue, income, or other profit-and-loss figures, such amounts are reported on a full-month (month-end) basis for June 2026 rather than split between pre- and post-petition periods (i.e., before and after the June 10, 2026 Petition Date), due to limitations of the Debtors' accounting system in producing petition-date-specific outputs.

***Reporting Date***. Where the Schedules require revenue, income, or other profit-and-loss figures, such amounts are reported on a full-month (month-end) basis for June 2026 rather than split between pre- and post-petition periods (*i.e.*, before and after the Petition Date),

2

#25003770v1

due to limitations of the Debtors' accounting system in producing petition-date-specific outputs. Values reported for the Debtors' inventory, office furniture, office equipment, and real property are stated as of June 30, 2026 (month-end), rather than as of the June 10, 2026 Petition Date, due to the same accounting-system limitations.

Subject to the foregoing and, unless otherwise indicated, all amounts are listed as of the Petition Date or as of the latest available record date prior to the Petition Date.

4. *Fiscal Year*. The Debtors report fiscal year results of operations on the calendar year.

5. *Currency.* Unless otherwise indicated, all amounts are reflected in U.S. dollars.

6. *Payments.* Prior to the Petition Date, the Debtors maintained a consolidated cash management system in the ordinary course of business. To the extent that the Debtors were able to report information on an unconsolidated basis, the Schedules reflect such information. The Debtors reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

7. *Current Values*. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. The amounts represented in the Schedules and Statements are totals of all known amounts. When necessary, the Debtors have indicated that the value of certain assets is "Unknown." To the extent that any assets have been identified as having an "Unknown" value, the actual total may be different from the total listed in the Schedules and Statements.

8. *Estimates*. To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations and assumptions that affect the reported amounts of assets, liabilities, revenue, and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

9. *Liabilities*. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information from research that was conducted in connection with the preparation of the Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Schedules without notice as applicable.

Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

#25003770v1

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claims.

10. *Excluded Assets and Liabilities*. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as tax accruals, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected.  In addition, other immaterial assets and liabilities may also have been excluded.

11. *Entity Classification Issues*. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets and liabilities to particular Debtor entities, including, but not limited to: (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses and (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor.

12. *Intellectual Property Rights*. The Debtors historically (and in the Schedules and Statements) report the value of certain assets, such as intellectual property, on their books and records in their entirety as opposed to on an individual asset-by-asset basis.  It would be prohibitively expensive and unduly burdensome for the Debtors to obtain individual valuations for each intellectual property right.  Accordingly, the Debtors have not identified individual values for each of their intellectual property assets.  In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

13. *Claims Description*. Any failure to designate a claim listed in the Schedules as disputed, contingent or unliquidated does not constitute an admission by the Debtors that such

amount is not disputed, contingent or unliquidated.  The Debtors reserve all of their rights with respect to the claims listed in the Schedules or Statements, including, without limitation, the right to assert offsets or defenses to any claim reflected on the Schedules or Statements, or to further amend the Schedules or Statements to (i) dispute any claim on any basis, including, without limitation, as to amount, liability or classification or (ii) designate any claim as disputed, contingent or unliquidated.

14. ***Credits and Adjustments***. The claims of creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and do not reflect credits, rebates, refunds, or allowances that may be due from such creditors to the Debtors.  The Debtors reserve all of their rights regarding any and all such credits, rebates, refunds, and allowances.

15. ***Classifications***. The Debtors have sought to discover and properly classify all claims and interests in the Chapter 11 Cases, and to list all claims and interests against their estates accurately and completely.  The Schedules or Statements should not be considered the final determination of the Debtors' assets and liabilities, but rather the Debtors' current compilation of such information as of the Petition Date based on their investigations to date.

   In certain circumstances, the Debtors have not included the date claims were incurred as such information is not readily available and it would be prohibitively expensive and burdensome to determine such dates.

16. ***Causes of Action***. Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Claims or causes of action (including avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other applicable non-bankruptcy law to recover assets), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

17. ***Court Orders***. By separate orders of the Bankruptcy Court entered in these Chapter 11 Cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of critical vendors, insurance carriers and taxing authorities.  Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority.  The Debtors have

attempted to list on their Schedules all such known amounts outstanding as of the Petition Date.

Additionally, by order of the Bankruptcy Court, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims related to employees have been or may be paid under this authority. The prepetition liabilities related to ordinary course wages and compensation that have been paid postpetition to employees have been excluded from the Schedules.

18. *Insiders*. In the circumstances where the Schedules or Statements require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

19. *Property and Equipment*. Unless otherwise noted therein, the Schedules and Statements reflect the net book value of the liabilities as listed in the Debtors' books and records; however, particularly with respect to furniture, fixtures and equipment, the Debtors believe the actual value may be substantially lower. Where known, accumulated depreciation of assets has been accounted for.

20. *Setoffs*. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors or inchoate statutory lien rights.

21. *Reservations*. Neither the Debtors, their agents, their employees, nor their attorneys or advisors guarantee or warrant the accuracy, the completeness or correctness of the data that is provided herein or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors

6

or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

22.     ***Global Notes Control***.  In the event that the Schedules and Statements differ from the Global Notes, these Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules and Statement**

1.     ***Schedule A/B 55***.  The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

2.     ***Schedule D***.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of the other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements, commitments, and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

3.     ***Schedule E/F***.  The Debtors have included various governmental agencies on Schedule E/F-1 out of an abundance of caution whose obligation may not be "taxes" pursuant to the applicable law.  The Debtors reserve all rights to dispute or challenge that these claims are not taxes and are not subject to priority under the Bankruptcy Code.

Schedule E/F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected.

The claims listed in Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable

7

efforts have been made to identify the date of incurrence of each claim, determination of the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

4.      *Schedule G*.  Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusions may have occurred.  The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other document, instruments and agreements which may not be listed therein.  Also, Schedule G is intended to contain all of the Debtors' contracts and agreements as of the Petition Date.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

The Debtors may have entered into various other types of agreements in the ordinary course of business, such as easements, rights of way, subordinations, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents also are not set forth in Schedule G.

While identifying the contracts on Schedule G, the Debtors have not necessarily set forth these contracts as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates.

5.      *Statement 2*. Danskammer HoldCo LLC recognized cancellation of debt income ("CODI") of $4,329,054.00 and Danskammer Holdings LLC recognized CODI of $46,823,560.00 in 2025 in connection with the non-cash extinguishment of debt. These non-cash, extraordinary amounts have been excluded from the gross revenue reported in Part 2, Question 2. The Debtors incurred tax obligations attributable to such CODI.

6.      *Statement 3*. Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (included in Statement 4), employee payroll and expense reimbursements and interbank transfers done as part of the Debtors' cash management system.  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.

7.      *Statement 4 and 30*.  For purposes of Statement 4 and 30, all payments made on behalf of each of the Debtors to insiders were made through the Debtors' consolidated cash management system and paid by one Debtor, even though some of the payments may have been to or for the benefit of one or more other Debtors.  As such, the payments made to insiders in connection with such insider's services to each Debtor have not been expressly allocated among the Debtors.

8

Further, for purposes of Statement 4 and 30, amounts reflected for Thomas Gray are presented net of applicable taxes and deductions.

8.      *Statement 7.*  The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that neither the Debtors nor any affiliates of the Debtors are an appropriate party to such actions or proceedings.  The Debtors have not included on Statement 7 parties that may have asserted informal claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.  Additionally, to the extent that events occurred prior to the Petition Date, but any lawsuit or administrative proceeding related thereto was filed after the Petition Date, such suits or proceedings may not be listed in Statement 7.

9.      *Statement 11*.  For purposes of Statement 11, all payments made on behalf of each of the Debtors for consultation concerning relief under the bankruptcy laws or preparation of a petition in bankruptcy within one (1) year immediately preceding the commencement of these Chapter 11 Cases, were made through the Debtors' consolidated cash management system and paid through Danskammer Holdings LLC.  As such, the costs of these services on behalf of each Debtor have not been expressly allocated among the Debtors and, instead, have been listed in Statement question 11 for Danskammer Holdings LLC.

10.     *Statement 26d*. The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. The disclosure of each of such parties would be impractical and burdensome as the Debtors generally do not track such sharing. Moreover, the parties with which the Debtors have shared such financial statements may have in turn further shared the financial statements with other entities without the Debtors' knowledge or consent.

#25003770v1

**Fill in this information to identify the case:**

Debtor name   Danskammer Energy, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number (If known):   26-10954

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

1.  **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From 01/01/2026 to 06/30/2026<br>MM / DD / YYYY       MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 13,571,164.00 |
| From 01/01/2025 to 12/31/2025<br>MM / DD / YYYY       MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 25,044,836.00 |
| From 01/01/2024 to 12/31/2024<br>MM / DD / YYYY       MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 24,291,071.00 |

2.  **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties.
List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| From 01/01/2026 to 06/30/2026<br>MM / DD / YYYY       MM / DD / YYYY | RECYCLING INCOME | $ 4,465.00 |
| From 01/01/2025 to 12/31/2025<br>MM / DD / YYYY       MM / DD / YYYY | RECYCLING INCOME | $ 1,493.00 |
| From 01/01/2024 to 12/31/2024<br>MM / DD / YYYY       MM / DD / YYYY | RECYCLING INCOME | $ 8,832.00 |

Debtor   Danskammer Energy, LLC
         (name)

Case number (if known)   26-10954

---

<div style="background:black;color:white;font-weight:bold;padding:4px">Part 2:   List Certain Transfers Made Before Filing for Bankruptcy</div>

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| ADIRONDACK ENVIRONMENTAL SERVICES INC 314 N PEARL ST ALBANY, NY 12207 | 03/30/2026 | $ 905.60 | SERVICES |
| | 04/15/2026 | $ 8,732.90 | SERVICES |
| | 04/29/2026 | $ 1,554.60 | SERVICES |
| | 05/06/2026 | $ 622.80 | SERVICES |
| | 05/12/2026 | $ 1,069.30 | SERVICES |
| | 05/28/2026 | $ 241.40 | SERVICES |
| | 06/02/2026 | $ 2,741.40 | SERVICES |
| | 06/10/2026 | $ 929.60 | SERVICES |
| **TOTAL FOR ADIRONDACK ENVIRONMENTAL SERVICES INC** | | **$ 16,797.60** | |
| AIRGAS USA, LLC 6055 ROCKSIDE WOODS BLVD INDEPENDENCE, OH 44131 | 03/13/2026 | $ 807.63 | SUPPLIERS OR VENDORS |
| | 03/23/2026 | $ 2,069.34 | SUPPLIERS OR VENDORS |
| | 04/13/2026 | $ 2,982.64 | SUPPLIERS OR VENDORS |
| | 04/20/2026 | $ 929.57 | SUPPLIERS OR VENDORS |
| | 04/28/2026 | $ 753.59 | SUPPLIERS OR VENDORS |
| | 05/08/2026 | $ 3,792.02 | SUPPLIERS OR VENDORS |
| | 06/05/2026 | $ 2,579.84 | SUPPLIERS OR VENDORS |
| **TOTAL FOR AIRGAS USA, LLC** | | **$ 13,914.63** | |
| AMEGY BANK OF TEXAS 1717 WEST LOOP SOUTH HOUSTON, TX 77027 | 04/10/2026 | $ 7,117.31 | OTHER - PLANT STAFF CREDIT CARDS |
| | 05/07/2026 | $ 14,122.73 | OTHER - PLANT STAFF CREDIT CARDS |
| | 06/08/2026 | $ 2,931.09 | OTHER - PLANT STAFF CREDIT CARDS |
| **TOTAL FOR AMEGY BANK OF TEXAS** | | **$ 24,171.13** | |
| ASSOCIATED FIRE PROTECTIONS 100 JACKSON ST PATERSON, NJ 07501 | 06/03/2026 | $ 8,567.83 | SERVICES |
| | 06/10/2026 | $ 7,092.99 | SERVICES |
| **TOTAL FOR ASSOCIATED FIRE PROTECTIONS** | | **$ 15,660.82** | |
| ATLAS SECURITY SERVICES INC 2002 RT 17M GOSHEN, NY 10924 | 03/12/2026 | $ 10,354.06 | SERVICES |
| | 03/18/2026 | $ 5,177.03 | SERVICES |
| | 03/26/2026 | $ 5,177.03 | SERVICES |
| | 04/10/2026 | $ 5,177.03 | SERVICES |
| | 04/14/2026 | $ 10,354.06 | SERVICES |
| | 05/08/2026 | $ 15,531.09 | SERVICES |
| | 05/13/2026 | $ 5,177.03 | SERVICES |
| | 05/28/2026 | $ 5,177.03 | SERVICES |
| | 06/03/2026 | $ 10,354.06 | SERVICES |
| **TOTAL FOR ATLAS SECURITY SERVICES INC** | | **$ 72,478.42** | |
| BDO USA PC 109 MICHIGAN ST NW STE 610 GRAND RAPIDS, MI 49503-3864 | 05/19/2026 | $ 32,000.00 | OTHER - ACCOUNTING SERVICES |
| **TOTAL FOR BDO USA PC** | | **$ 32,000.00** | |

Debtor    Danskammer Energy, LLC_____    Case number (if known)    26-10954_____
              (name)

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| CAMS NEW YORK LLC<br>910 LOUISIANA STREET<br>SUITE 2400<br>HOUSTON, TX 77002 | 03/18/2026 | $ 88,048.14 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 03/23/2026 | $ 43,754.80 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 03/25/2026 | $ 87,026.86 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/01/2026 | $ 101,810.18 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/08/2026 | $ 91,543.05 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/13/2026 | $ 41,401.69 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/15/2026 | $ 97,025.24 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/20/2026 | $ 1,149.30 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/22/2026 | $ 82,931.56 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 04/29/2026 | $ 89,899.69 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 05/06/2026 | $ 85,646.47 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 05/13/2026 | $ 99,020.67 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 05/20/2026 | $ 85,717.01 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 05/27/2026 | $ 84,660.25 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 05/29/2026 | $ 110,103.44 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 06/03/2026 | $ 92,815.31 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 06/10/2026 | $ 86,015.74 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 06/10/2026 | $ 200,000.00 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| | 06/10/2026 | $ 43,776.99 | OTHER - CRITICAL VENDOR - PLANT STAFF PAYROLL AND BENEFITS |
| **TOTAL FOR CAMS NEW YORK LLC** | | **$ 1,612,346.39** | |
| CAMS TEXAS, LLC<br>910 LOUISIANA STREET<br>SUITE 2400<br>HOUSTON, TX 77002 | 03/23/2026 | $ 112,340.83 | OTHER - CRITICAL VENDOR - ASSET MANAGEMENT SERVICES |
| | 04/13/2026 | $ 77,639.85 | OTHER - CRITICAL VENDOR - ASSET MANAGEMENT SERVICES |
| | 04/28/2026 | $ 28,243.02 | OTHER - CRITICAL VENDOR - ASSET MANAGEMENT SERVICES |
| | 05/29/2026 | $ 45,287.92 | OTHER - CRITICAL VENDOR - ASSET MANAGEMENT SERVICES |
| | 06/10/2026 | $ 105,112.41 | OTHER - CRITICAL VENDOR - ASSET MANAGEMENT SERVICES |
| **TOTAL FOR CAMS TEXAS, LLC** | | **$ 368,624.03** | |
| CENTRAL HUDSON GAS & ELECTRIC CORP<br>284 SOUTH AVENUE<br>POUGHKEEPSIE, NY 12601 | 03/17/2026 | $ 106,511.04 | OTHER - UTILITY SERVICES |
| | 04/28/2026 | $ 5,507.14 | OTHER - UTILITY SERVICES |
| | 05/04/2026 | $ 117,265.77 | OTHER - UTILITY SERVICES |
| | 06/02/2026 | $ 108,257.31 | OTHER - UTILITY SERVICES |
| **TOTAL FOR CENTRAL HUDSON GAS & ELECTRIC CORP** | | **$ 337,541.26** | |
| GRAVER TECHNOLOGIES, LLC<br>200 LAKE DRIVE<br>GLASGOW, DE 19702 | 05/04/2026 | $ 18,810.00 | SUPPLIERS OR VENDORS |
| **TOTAL FOR GRAVER TECHNOLOGIES, LLC** | | **$ 18,810.00** | |

Debtor ___Danskammer Energy, LLC_____ Case number (if known) __26-10954_____
   (name)

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| GREENBERG TRAURIG LLP | 03/25/2026 | $ 10,925.00 | OTHER - REGULATORY LEGAL SERVICES |
| ATTN: DOREEN SAIA | 04/17/2026 | $ 5,700.00 | OTHER - REGULATORY LEGAL SERVICES |
| 54 STATE ST 6TH FLOOR | 05/14/2026 | $ 24,700.00 | OTHER - REGULATORY LEGAL SERVICES |
| ALBANY, NY 12207 | 06/09/2026 | $ 54,530.00 | OTHER - REGULATORY LEGAL SERVICES |
| **TOTAL FOR GREENBERG TRAURIG LLP** | | **$ 95,855.00** | |
| KPMG LLP | 05/12/2026 | $ 70,000.00 | SERVICES |
| 3 CHESTNUT RIDGE ROAD | | | |
| MONTVALE, NJ 07645 | | | |
| **TOTAL FOR KPMG LLP** | | **$ 70,000.00** | |
| LABELLA ASSOCIATES, DPC | 03/26/2026 | $ 425.00 | SERVICES |
| 300 STATE STREET | 04/28/2026 | $ 7,250.00 | SERVICES |
| SUITE 201 | 06/02/2026 | $ 2,025.00 | SERVICES |
| ROCHESTER, NY 14614 | | | |
| **TOTAL FOR LABELLA ASSOCIATES, DPC** | | **$ 9,700.00** | |
| LEWIS BRISBOIS BISGAARD & SMITH | 06/02/2026 | $ 1.00 | OTHER - LITIGATION LEGAL RETAINER |
| LLP | 06/04/2026 | $ 49,999.00 | OTHER - LITIGATION LEGAL RETAINER |
| 633 WEST 5TH STREET | | | |
| SUITE 4000 | | | |
| LOS ANGELES, CA 90071 | | | |
| **TOTAL FOR LEWIS BRISBOIS BISGAARD & SMITH LLP** | | **$ 50,000.00** | |
| NYS DEPT ENVIRONMENTAL | 03/18/2026 | $ 56,000.00 | OTHER - ANNUAL FEE |
| CONSERVATION | 05/13/2026 | $ 110.00 | OTHER - ANNUAL FEE |
| 625 BROADWAY | | | |
| ALBANY, NY 12233-0001 | | | |
| **TOTAL FOR NYS DEPT ENVIRONMENTAL CONSERVATION** | | **$ 56,110.00** | |
| PERRECA ELECTRIC CO., INC. | 04/15/2026 | $ 11,544.00 | EMPLOYEE COMPENSATION |
| 520 BROADWAY | 05/13/2026 | $ 19,240.00 | EMPLOYEE COMPENSATION |
| NEWBURGH, NY 12550 | 06/10/2026 | $ 21,368.00 | EMPLOYEE COMPENSATION |
| **TOTAL FOR PERRECA ELECTRIC CO., INC.** | | **$ 52,152.00** | |
| RECEIVER OF TAXES - TOWN OF | 03/19/2026 | $ 4,269.85 | OTHER - WATER UTILITY |
| NEWBURGH | 05/15/2026 | $ 11,421.26 | OTHER - WATER UTILITY |
| 1496 ROUTE 300 | | | |
| NEWBURGH, NY 12550 | | | |
| **TOTAL FOR RECEIVER OF TAXES - TOWN OF NEWBURGH** | | **$ 15,691.11** | |
| RELIANT CEM SERVICES INC | 03/13/2026 | $ 4,180.50 | SERVICES |
| 630 WYNDHURST DR | 03/25/2026 | $ 4,180.50 | SERVICES |
| SUITE C | 05/13/2026 | $ 9,474.00 | SERVICES |
| LYNCHBURG, VA 24502 | | | |
| **TOTAL FOR RELIANT CEM SERVICES INC** | | **$ 17,835.00** | |
| RSM US LLP | 03/13/2026 | $ 34,125.00 | OTHER - TAX SERVICES |
| 4650 EAST 53RD ST | | | |
| DAVENPORT, IA 52807 | | | |
| **TOTAL FOR RSM US LLP** | | **$ 34,125.00** | |

Debtor   Danskammer Energy, LLC                                    Case number (if known)   26-10954
           (name)

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| SCRUB MASTERS PLUS CORP<br>100 AARON CT<br>KINGSTON, NY 12401 | 03/16/2026<br>03/30/2026<br>04/20/2026<br>05/05/2026<br>05/05/2026<br>06/01/2026 | $ 3,060.48<br>$ 3,060.48<br>$ 3,060.48<br>$ 3,060.48<br>$ 2,985.47<br>$ 3,060.48 | SERVICES<br>SERVICES<br>SERVICES<br>SERVICES<br>SERVICES<br>SERVICES |
| **TOTAL FOR SCRUB MASTERS PLUS CORP** | | **$ 18,287.87** | |
| VEOLIA WTS USA INC<br>3600 HORIZON BLVD<br>TREVOSE, PA 19053 | 05/08/2026 | $ 24,886.54 | SERVICES |
| **TOTAL FOR VEOLIA WTS USA INC** | | **$ 24,886.54** | |
| WATER QUALITY MANAGEMENT, INC.<br>1348 US-9W N<br>MARLBORO, NY 12542 | 03/30/2026<br>04/07/2026<br>04/22/2026<br>05/14/2026 | $ 1,750.00<br>$ 4,200.00<br>$ 1,750.00<br>$ 1,750.00 | SERVICES<br>SERVICES<br>SERVICES<br>SERVICES |
| **TOTAL FOR WATER QUALITY MANAGEMENT, INC.** | | **$ 9,450.00** | |
| **GRAND TOTAL:** | | **$ 2,966,436.80** | |

4.   **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| MRSAKAHN II LLC<br>590 MADISON AVE<br>41ST FLOOR<br>NEW YORK, NY 10022 | 04/02/2026<br>05/27/2026 | $ 30,000.00<br>$ 30,000.00 | SERVICES<br>SERVICES |

**Relationship to debtor**

COMPANY OF THE APPOINTED
INDEPENDENT MANAGER OF ALL
DEBTOR ENTITIES

|  | |  | |
|---|---|---|---|
| **TOTAL FOR MRSAKAHN II LLC** | | **$ 60,000.00** | |

Debtor    Danskammer Energy, LLC                                    Case number (if known)    26-10954
                (name)

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| THOMAS M. GRAY<br>590 MADISON AVE<br>41ST FLOOR<br>NEW YORK, NY 10022 | 06/13/2025 | $ 10,079.62 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 06/30/2025 | $ 11,058.64 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| **Relationship to debtor**<br><br>PRESIDENT AND CFO OF ALL DEBTOR ENTITIES | 07/15/2025 | $ 10,983.01 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 07/31/2025 | $ 10,885.76 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 08/15/2025 | $ 10,914.35 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 08/29/2025 | $ 10,914.37 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 09/15/2025 | $ 10,914.35 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 09/30/2025 | $ 10,914.37 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |

Debtor    Danskammer Energy, LLC _____    Case number (if known)    26-10954 _____
    (name)

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| (continued)<br>THOMAS M. GRAY | 10/15/2025 | $ 10,869.03 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 10/31/2025 | $ 10,869.03 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 11/14/2025 | $ 10,869.03 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 11/28/2025 | $ 10,869.02 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 12/15/2025 | $ 10,869.03 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 12/31/2025 | $ 10,869.03 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 01/15/2026 | $ 9,993.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 01/30/2026 | $ 9,993.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |

Debtor   Danskammer Energy, LLC                                    Case number (if known)   26-10954
         (name)

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| (continued) THOMAS M. GRAY | 02/13/2026 | $ 9,993.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 02/27/2026 | $ 9,993.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 03/31/2026 | $ 10,014.06 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 04/15/2026 | $ 10,065.98 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 04/30/2026 | $ 10,065.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 05/13/2026 | $ 9,993.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 05/15/2026 | $ 10,065.98 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |
| | 05/29/2026 | $ 10,065.97 | BI-WEEKLY NET SALARY PAYMENTS RECEIVED FROM TIP PROFESSIONAL LP (NET OF PAYROLL TAXES AND PORTION OF HEALTHCARE COSTS COVERED BY EMPLOYEE). |

**TOTAL FOR THOMAS M. GRAY**          **$ 252,126.45**

| | | | |
|---|---|---|---|
| WT&A ENERGY GROUP LLC | 07/03/2025 | $ 47,500.00 | QUARTERLY CONSULTING FEES |
| 590 MADISON AVE | 09/19/2025 | $ 47,500.00 | QUARTERLY CONSULTING FEES |
| 41ST FLOOR | 01/07/2026 | $ 47,500.00 | QUARTERLY CONSULTING FEES |
| NEW YORK, NY 10022 | 03/25/2026 | $ 47,500.00 | QUARTERLY CONSULTING FEES |
| | 06/10/2026 | $ 47,500.00 | QUARTERLY CONSULTING FEES |

**Relationship to debtor**

ACTING COO OF ALL DEBTOR ENTITIES.
BOARD MEMBER OF DANSKAMMER
HOLDCO LLC

**TOTAL FOR WT&A ENERGY GROUP LLC**          **$ 237,500.00**

**GRAND TOTAL:**          **$ 549,626.45**

5.   **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

Debtor    Danskammer Energy, LLC                                    Case number (if known)    26-10954
         (name)

6.    **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

❑  None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/02/2026 | $ 744,863.23 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/09/2026 | $ 744,863.23 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/09/2026 | $ 119,918.46 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF VOLTAGE REGULATION PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/09/2026 | $ 20,396.76 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/16/2026 | $ 546,309.17 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF ENERGY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/16/2026 | $ 3,399.45 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/22/2026 | $ 764,832.83 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF ENERGY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/22/2026 | $ 2,695.55 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 06/26/2026 | $ 764,832.83 |

Debtor    Danskammer Energy, LLC                                    Case number (if known)    26-10954
             (name)

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 07/06/2026 | $ 764,832.83 |
| NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | SETOFF OF CAPACITY PAYMENT PAYABLE TO DANSKAMMER ENERGY, LLC | 07/10/2026 | $ 437,047.84 |

## Part 3:    Legal Actions or Assignments

7.    **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| JEFFREY JOHNSON AND LINDA JOHNSON, HIS WIFE, VS. PLAINTIFFS (200+ PLAINTIFFS NAMED) | TORT LAWSUIT | IN THE CIRCUIT COURT STATE OF MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT (CITY OF ST. LOUIS) | ☒ Pending ☐ On appeal ☐ Concluded |

**Case number**

2622-CC00481

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| NEW YORK INDEPENDENT SYSTEM OPERATOR PRC SHORTFALL PENALTY AGAISNT DANSKAMMER ENERGY, LLC | SHORTFALL PENALTY | NEW YORK INDEPENDENT SYS OPERATOR, INC. 10 KREY BOULEVARD RENSSELAER, NY 12144 | ☒ Pending ☐ On appeal ☐ Concluded |

**Case number**

NYISO CASE ID: 92710

8.    **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

## Part 4:    Certain Gifts and Charitable Contributions

9.    **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

Debtor    Danskammer Energy, LLC    Case number (if known)    26-10954
               (name)

## Part 5:    Certain Losses

10.   **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6:    Certain Payments or Transfers

11.   **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

12.   **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

13.   **Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7:    Previous Locations

14.   **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| CORPORATE OFFICE<br>717 FIFTH AVENUE<br>SUITE 12A<br>NEW YORK, NY 10022 | **From** 09/29/2018<br>**To**    09/02/2025 |

Debtor    <u>Danskammer Energy, LLC</u>                      Case number (if known)    <u>26-10954</u>
         (name)

---

**Part 8:**    **Health Care Bankruptcies**

**15.**    **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

---

**Part 9:**    **Personally Identifiable Information**

**16.**    **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.

Does the debtor have a privacy policy about that information?

☐ No        ☐ Yes

**17.**    **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

     ☐ No. Go to Part 10.

     ☐ Yes. Fill in below:

---

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case.

Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

Debtor   Danskammer Energy, LLC _____   Case number (if known) ___26-10954_____
                (name)

---

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

   List any property that the debtor holds or controls that another entity owns.

   Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ☑ None

---

## Part 12:

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**

   Include settlements and orders.

   ☐ No
   ☑ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| VIOLATIONS OF ARTICLES 17 AND 40 OF THE NEW YORK STATE ENVIRONMENTAL CONSERVATION LAW, ARTICLE 12 OF THE NEW YORK STATE NAVIGATION LAW AND PARTS 596, 598 AND 613 OF TITLE 6 OF THE OFFICIAL COMPILATION OF CODES, RULES AND REGULATIONS OF THE STATE OF NEW YORK | NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION DIVISION OF ENVRIONMENTAL REMEDIATION, REGION 3 21 SOUTH PUTT CORNERS ROAD NEW PALTZ, NY 12561-1620 | 2019 ENVIRONMENTAL ENFORCEMENT ACTION | ☐ Pending ☐ On appeal ☑ Concluded |
| **Case number** | | | |
| R3-20191118-259 | | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ☑ No
   ☐ Yes. Provide details below.

---

Debtor    Danskammer Energy, LLC                                        Case number (if known)    26-10954
                (name)

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☐ No

☑ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF ENVIRONMENTAL REMEDIATION 625 BROADWAY ALBANY, NY 12233 | RCRA | 05/23/2017 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES | 06/04/2018 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 02/19/2019 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF HAZARDOUS AND SOLID WASTE 21 SOUTH PUTT CORNERS RD NEW PALTZ, NY 12561 | SPCC | 01/14/2020 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 10/25/2020 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 06/24/2021 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 08/02/2021 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 08/06/2021 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 12/30/2021 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES | 09/06/2022 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 11/10/2022 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF ENVIRONMENTAL REMEDIATION 625 BROADWAY ALBANY, NY 12233 | RCRA | 01/18/2023 |

Debtor    Danskammer Energy, LLC _____    Case number (if known) ___26-10954_____
                (name)

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF WATER 100 HILLSIDE AVE WHITE PLAINS, NY 10603 | SPDES PERMIT | 07/09/2025 |
| DANSKAMMER ENERGY, LLC - 994 RIVER ROAD NEWBURGH, NY 12550 | NYSDEC DIVISION OF ENVIRONMENTAL REMEDIATION 625 BROADWAY ALBANY, NY 12233 | RCRA | 08/21/2025 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | Dates of service | |
|---|---|---|---|
| JEFF SCOTT 910 LOUISIANA STREET SUITE 2400 HOUSTON, TX 77002 | | From To | 01/31/2020 PRESENT |
| RENEE NOEL 910 LOUISIANA STREET SUITE 2400 HOUSTON, TX 77002 | | From To | 01/31/2020 04/30/2026 |
| YVONNE SHI 910 LOUISIANA STREET SUITE 2400 HOUSTON, TX 77002 | | From To | 03/31/2026 PRESENT |

Debtor    Danskammer Energy, LLC _____    Case number (if known)   26-10954 _____
                (name)

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

❑ None

| Name and address | Dates of service | | |
| --- | --- | --- | --- |
| BDO USA LLP<br>5300 PATTERSON AVE SE<br>SUITE 100<br>GRAND RAPIDS, MI 49512 | From<br>To | <u>12/27/2017</u><br><u>PRESENT</u> | |
| RSM US LLP<br>4650 EAST 53RD ST<br>DAVENPORT, IA 52807 | From<br>To | 12/10/2019<br>PRESENT | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

❑ None

| Name and address | If any books of account and records are unavailable, explain why |
| --- | --- |
| BDO USA LLP<br>5300 PATTERSON AVE SE<br>SUITE 100<br>GRAND RAPIDS, MI 49512 | |
| CAMS TEXAS, LLC<br>910 LOUISIANA ST<br>STE 2400<br>HOUSTON, TX 77002 | |
| JEFF SCOTT<br>910 LOUISIANA STREET<br>SUITE 2400<br>HOUSTON, TX 77002 | |
| RSM US LLP<br>4650 EAST 53RD ST<br>DAVENPORT, IA 52807 | |
| YVONNE SHI<br>910 LOUISIANA STREET<br>SUITE 2400<br>HOUSTON, TX 77002 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

❑ None

| Name and address |
| --- |
| NEW YORK INDEPENDENT SYS OPERATOR, INC.<br>10 KREY BOULEVARD<br>RENSSELAER, NY 12144 |

Official Form 207      **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**      Page 16 of 19

Debtor   Danskammer Energy, LLC
         (name)
Case number (if known)   26-10954

| Name and address |
| --- |
| NEW YORK STATE PUBLIC SERVICE COMMISSION<br>EMPIRE STATE PLAZA<br>AGENCY BUILDING 3<br>ALBANY, NY 12223-1350 |
| NY DEPARTMENT OF TAXATION & FINANCE<br>P.O. BOX 15163<br>ALBANY, NY 12212-5163 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

**28.** **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| DANSKAMMER HOLDINGS LLC | 590 MADISON AVENUE<br>41ST FLOOR<br>NEW YORK, NY 10022 | MEMBERSHIP INTEREST OWNER OF DANSKAMMER ENERGY, LLC | 100% |
| HOWARD TAYLOR | 590 MADISON AVENUE<br>41ST FLOOR<br>NEW YORK, NY 10022 | CHIEF OPERATING OFFICER | N/A |
| MATHEW R. KAHN | 590 MADISON AVENUE<br>41ST FLOOR<br>NEW YORK, NY 10022 | INDEPENDENT MANAGER | N/A |
| THOMAS M. GRAY | 590 MADISON AVENUE<br>41ST FLOOR<br>NEW YORK, NY 10022 | PRESIDENT AND CHIEF FINANCIAL OFFICER | N/A |

**29.** **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

Debtor     Danskammer Energy, LLC _____    Case number (if known)    26-10954 _____
           (name)

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| REFER TO SOFA 4 | | | |
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| DANSKAMMER HOLDCO LLC | 8 2 - 3 2 7 6 7 8 9 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

Debtor ___Danskammer Energy, LLC___   Case number (if known) ___26-10954___
 (name)

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on  08/10/2026

✘ /s/ THOMAS M. GRAY                         Printed name  THOMAS M. GRAY
   Signature of individual signing on behalf of the debtor

   Position or relationship to debtor  PRESIDENT AND CHIEF FINANCIAL OFFICER

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207)* **attached?**

☑ No

☐ Yes